**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
**At Baltimore**

| | |
|---|---|
| **MAHMAUD SHIRAZI** | : |
| P.O. Box 18 | : |
| Clifton Park, NY 12065 | : |
|     Plaintiff | : |
| | : |
| v. | : |
| | : |
| **PENINSULA INTERNAL MEDICINE LLC** | : |
| 31575 Winterplace Pkwy | : |
| Salisbury, MD 21804 | : |
|     Defendant | : |
| | : |
| SERVE: | : |
| Jean S. Laws | : |
| 209 East Main St. | : |
| Salisbury, MD 21803 | : |
|     Resident Agent | : |
| | : |
|     -and- | : |
| | : |
| **31575 WINTERPLACE PARKWAY LLC** | : |
| 31575 Winterplace Pkwy | : |
| Salisbury, MD 21804 | : |
|     Defendant | : |
| | : |
| SERVE: | : |
| Jean S. Laws | : |
| 209 East Main St. | : |
| Salisbury, MD 21803 | : |
|     Resident Agent | : |
| | : |
|     **-and-** | : |
| | : |
| **CANDY BURNS** | : |
| 7996 Athol Rd. | : |
| Hebron, MD 21801 | : |
|     Defendant | : |
| | : |
|     **-and-** | : |
| | : |
| **EDMOND H. BURNS IV** | : |
| 7996 Athol Rd. | : |
| Hebron, MD 21801 | : |
|     Defendant | : |

**COMPLAINT FOR CONTRACT AND TORT DAMAGES,
AN ACCOUNTING AND DISTRIBUTION OF PROFITS,
DISSOLUTION OF BUSINESS ENTITIES AND PARTITION OF
REAL ESTATE
(Jury Demand)**

Comes now Plaintiff by undersigned legal counsel and sues the Defendants for the relief requested below as follows:

## PARTIES

1.  Plaintiff is a competent adult individual, resident of Clifton Park in the State of New York.

2.  Defendant Peninsula Internal Medicine LLC ("Peninsula") is a Maryland limited liability company with its principal place of business at the address in the Caption.

3.  Defendant 31575 Winterplace Parkway LLC ("Winterplace") is a Maryland limited liability company with its principal place of business at the address in the Caption.

4.  Defendant Candy Burns ("Candy") is a competent adult individual residing at the address listed in the Caption.

5.  Defendant Edmond H. Burns IV ("Edmond") is a competent adult individual residing at the address listed in the Caption.  Defendant Edmond and Defendant Candy are and were, at all relevant times, husband and wife.

## JURISDICTION AND VENUE

6.  The amount in controversy in this case exceeds $75,000.00.

7.  The Plaintiff is a citizen of the State of New York and all Defendants are either citizens of the State of Maryland or have their principal place of business in Maryland.

8.  None of the Defendants has citizenship or place of business in New York.

9.  Jurisdiction is invoked pursuant to 28 USC §1332.

10.  Jurisdiction over claims not involving monetary damages is invoked pursuant to 28 USC §1367

11.  Venue is proper pursuant to 28 USC §1391.


## COMMON FACTS

12.  Plaintiff was, at all relevant times, a medical doctor.

13.  Defendant Burns was, at all relevant times, a nurse practitioner licensed to perform certain medical procedures.

14.  In 2003, the Plaintiff and Defendant Candy met and decided to establish a jointly-owned and operated medical facility.

15.  In furtherance of this decision, these parties caused Defendant Peninsula to be formed, for the purpose of conducting the medical business.

16.  These parties also caused Defendant Winterplace to be formed, for the purpose of holding the office building where the medical services would be performed.

17.  The address of this office building is 31575 Winterplace Parkway, Salisbury, MD 21804 (the "Premises").

18.  The parties agreed to operate the medical practice as "50-50" members, sharing equally in profits and losses.

19.  The parties also agreed to own the medical office building as "50-50" members, sharing equally in profits and losses.

20.  Defendant Candy and the Plaintiff commenced conducting business in 2004 under both entities.

21.  The business operated very profitably and it continues to operate very profitably, on information and belief.

22.  It was Defendant Candy's duty in the business to oversee the financial operations and to handle collections, bill payments and the like for both limited liability company Defendants.

23.  Over the course of the period of time when the medical business was operating, Defendant Candy began to withhold financial information concerning the businesses of both limited liability company Defendants from the Plaintiff.

24.  It came to the attention of the Plaintiff that Defendant Candy was retaining funds belonging to Peninsula without authorization.  It is estimated that these withheld funds equaled, as of March of 2007, hundreds of thousands of dollars.

25.  Plaintiff made numerous demands for an accounting of the funds and finances of Defendants Peninsula and Winterplace, but these demands were met with evasions, excuses and rationalizations from Defendant Candy, and an accounting was never produced.

26.  Defendant Candy actively misled the Plaintiff concerning the financial condition of the limited liability companies which are the parties to this lawsuit.

27.  On March 20, 2007, the Plaintiff personally but peacefully confronted Defendant Candy at the Premises and demanded an accounting of the finances of the business of both Peninsula and Winterplace.

28.  Defendant Candy put the Plaintiff off after this confrontation, and she contacted her husband, Defendant Edmond, and requested Defendant Edmond to come to the Premises to remove Plaintiff from the Premises by force.

29.  In response to this contact, on March 20, 2007, Defendant Edmond came onto the

Premises, and brought the Plaintiff outside of the building.

30.  Once outside the building, Defendant Edmond proceeded to batter the Plaintiff with his fists and, after the Plaintiff fell to the ground, with his feet, causing serious bodily harm to the Plaintiff.

31.  After Plaintiff reentered the Premises, having been battered by Defendant Edmond, he entered his office to call the police and to seek medical aid.

32.  While the Plaintiff was in his office, Defendant Candy locked the door and prevented Plaintiff from leaving.

33.  Defendant Candy later contacted four female medical patients of the Plaintiff and arranged for them to complain, falsely, of inappropriate sexual contact during medical examinations.

34.  As a result of these complaints, the Plaintiff's medical license was revoked by the State of Maryland.  An appeal of this revocation is pending.

35.  Plaintiff guaranteed the purchase price of the Premises in the amount of $625,000. Title to the Premises was taken in the name of Winterplace.

36.  To date, Plaintiff has not received any forms K-1 or any other tax information from Peninsula or Winterplace despite being a 50% member entitled thereto.


## COUNT ONE - ACCOUNTING

37.  Plaintiff incorporates all matters set forth above as if fully set forth.

38.  Plaintiff, as a member of both Peninsula and Winterplace is entitled to an accounting of the financial results of both of these entities.

39.  Plaintiff, as a member of both Peninsula and Winterplace, is entitled to a distribution

of his share of the profits from both of these entities.

40.     Plaintiff, as a member of both Peninsula and Winterplace, made a demand to Defendant Candy for an accounting of both limited liability companies.

41.     To date, Plaintiff has not received said accounting.

**WHEREFORE**, Plaintiff requests this Honorable Court to pass an Order requiring Defendants Peninsula and Winterplace to render an accounting to him of all of their medical operations and real estate operations and other financial transactions and the results of their operations, and requiring them to immediately distribute to him his share of the profits from both entities, and to award the Plaintiff his attorneys' fees, costs, prejudgment and post judgment interest.

## COUNT TWO - CONTRIBUTION

42.  Plaintiff incorporates all matters set forth above as if fully set forth.

43.  Upon information and belief, Defendant Candy has misappropriated funds, property and other things of value from both Peninsula and Winterplace.

44.  As a co-member, and not the only member, of these limited liability companies, Defendant Candy has the obligation to return any funds misappropriated as alleged in excess of amounts to which she may be entitled, as Plaintiff has the right to properly capitalized limited liability companies.

**WHEREFORE**, in the event that it is determined that Defendant Candy has misappropriated property, funds and other things of value from Peninsula and/or Winterplace, Plaintiff requests this Court to enter an Order requiring that any value so misappropriated be forthwith returned to these entities, or, in the alternative, to award Plaintiff judgment against

-6-

Defendant Candy in favor of Plaintiff for the amounts so misappropriated, and to award the Plaintiff his attorneys' fees, costs, prejudgment and post judgment interest.

## COUNT THREE - DISSOLUTION

45.  Plaintiff incorporates all matters set forth above as if fully set forth.

46.  Defendant Candy has improperly ousted Plaintiff from the operations of Peninsula and Winterplace, while retaining the benefits of these operations.

47.  The continuing operation of a medical practice from Peninsula without Plaintiff's input is improper because the medical practice of Peninsula was generated by the good will and efforts of Plaintiff.

48.  The continuing operation of the real estate business of Winterplace cannot continue because Plaintiff has pledged surety for the acquisition debt on the real estate and he was improperly ousted from the operation of Winterplace and cannot continue to ensure that the acquisition debt will be repaid.

49.  Given the facts as alleged herein, Defendant Candy has engaged in conduct relating to the limited liabilities which make it not reasonably practicable for Plaintiff to carry on the business in partnership with Defendant Candy.

**WHEREFORE**, Plaintiff requests this Honorable Court, having decreed an accounting and distribution of funds and resources as requested herein, to order the dissolution of Peninsula and Winterplace and the distribution of the assets of these entities, after payment of creditors, in such shares as may be determined, to the Plaintiff and Defendant Candy, and to award the Plaintiff his attorneys' fees, costs, prejudgment and post judgment interest and costs.

## COUNT FOUR - BATTERY AND CONSPIRACY TO COMMIT BATTERY

50. Plaintiff incorporates all matters set forth above as if fully set forth.

51. Defendant Edmond's conduct constituted an offensive and non-consensual touching of Plaintiff by Defendant Edmond, which was undertaken intentionally and with actual malice.

52. As a result of Defendant Edmond's conduct alleged herein, Plaintiff suffered substantial damages, including but not limited to, physical injury, pain, suffering, loss of wages, and humiliation for which the Plaintiff is entitled to recover.

53. The battery, as alleged, occurred at the instigation of Defendant Candy. Defendant Candy and Defendant Edmond, through the phone call made by or at the direction of Defendant Candy to Defendant Edmond and her request for him to come to the Premises and to physically confront the Plaintiff, as alleged above, conspired and agreed together to perpetrate the battery as alleged.

54. Defendant Candy and Defendant Edmond are jointly and severally liable for the battery as alleged.

55. In her role in the battery incident, Defendants Candy and Edmond were motived by actual malice and implied in law malice toward Plaintiff.

56. As direct and proximate result of this battery, the Plaintiff is entitled to recover actual damages in the amount of One Million Dollars against Defendant Edmond and Defendant Candy, jointly and severally.

57. As direct and proximate result of this battery, the Plaintiff is entitled to recover punitive damages in the amount of Five Million Dollars against Defendant Edmond and Defendant Candy, jointly and severally.

**WHEREFORE**, Plaintiff requests judgment against Defendants Defendant Edmond and

Defendant Candy, jointly and severally, in the amount of One Million Dollars in actual damages

plus Five Million Dollars in punitive damages, and to award the Plaintiff his attorneys' fees,

costs, prejudgment and post judgment interest and costs.

## COUNT FIVE - FALSE IMPRISONMENT

58.  Plaintiff incorporates all matters set forth above as if fully set forth.

59.  Defendant Candy falsely imprisoned the Plaintiff by locking him in his office, as

alleged above, without his consent and without legal justification.

60.  Plaintiff was aware of this unlawful confinement and was harmed by it, such that as a

direct and proximate result of this false imprisonment, Plaintiff's medical condition worsened

because he could not obtain treatment, he was placed in fear of further assault and battery, and

he experienced severe anxiety.

61.  The false imprisonment occurred in full view and hearing of the staff of the medical

center and of the patients who were present.

62.  As a result of being observed to be battered and falsely imprisoned, the good

reputation of the Plaintiff was damaged.

63.  The false imprisonment was perpetrated intentionally by Defendant Candy, with

actual and implied in law malice.

64. Upon information and belief, the false imprisonment was perpetrated by Defendant

Candy at the request and with the assistance and complicity of Defendant Edmond.

65.  In directing and requesting Defendant Candy to falsely imprison Plaintiff, Defendant

Edmond was acting deliberately and with actual and implied in law malice.

66.  As direct and proximate result of this false imprisonment, the Plaintiff is entitled to

recover actual damages in the amount of One Million Dollars against Defendant Edmond and Defendant Candy, jointly and severally.

67.  As direct and proximate result of this false imprisonment, the Plaintiff is entitled to recover punitive damages in the amount of Five Million Dollars against Defendant Edmond and Defendant Candy, jointly and severally.

**WHEREFORE**, Plaintiff requests judgment against Defendants Defendant Edmond and Defendant Candy, jointly and severally, in the amount of One Million Dollars in actual damages plus Five Million Dollars in punitive damages, and to award the Plaintiff his attorneys' fees, costs, prejudgment and post judgment interest and costs.

## COUNT SIX - THEFT AND CONVERSION

68.  Plaintiff incorporates all matters set forth above as if fully set forth.

69.  Defendant Candy wrongfully misappropriated funds and other things of value from Peninsula and Winterplace with the intent of converting these funds and things of value to her own use, further intending to deny Plaintiff his share of these funds and things of value.

70.  This theft and conversion was intentional and motivated by actual and implied in law malice.

71.  This theft and conversion was accomplished by fraud, deceit, trickery and other improper means.

72.  The amount of funds and other assets converted by Defendant Candy is unknown at this time, in as much as Plaintiff has requested an accounting and has been denied access to the books and records of Peninsula and Winterplace by Defendant Candy.  Despite the demand by the Plaintiff, Defendant Candy has failed to return said converted assets.

73. Plaintiff is entitled to his share of the funds and things of value misappropriated.

74. Plaintiff is entitled to punitive damages in an amount found to be appropriate by the jury.

**WHEREFORE**, in the event that it is determined that Defendant Candy has misappropriated property, funds and other things of value from Peninsula and/or Winterplace, Plaintiff requests this Court to enter an Order requiring that any value so misappropriated be forthwith returned to these entities, or, in the alternative, to award Plaintiff judgment against Defendant Candy in favor of Plaintiff for the amounts so misappropriated and, in either event, to award such punitive damages as the court may determine to be appropriate, and to award the Plaintiff his attorneys' fees, costs, prejudgment and post judgment interest.

## COUNT SEVEN - CONSTRUCTIVE FRAUD

75. Plaintiff incorporates all matters set forth above as if fully set forth.

76. Plaintiff permitted Defendant Candy to manage the finances of Peninsula and Winterplace.

77. As finance manager and as a co-member of these limited liability companies, Defendant Candy was obligated to act in a fiduciary capacity to Plaintiff and to disclose to Plaintiff certain information which she failed and deliberately refused to disclose, with the motive of keeping secret certain financial transactions from the Plaintiff and generally with the motive of keeping Plaintiff ignorant of the finances of these entities.

78. As alleged, Defendant Candy used her position of trust and confidence with the Plaintiff to misappropriate funds and things of value from Peninsula and Winterplace by deceit and misrepresentation.  Plaintiff justifiably relied on the representations and concealment of

Defendant Candy and Plaintiff suffered damage as a result.

79.  In misappropriating funds and things of value, Defendant Candy was motivated by actual and implied in law malice.

**WHEREFORE**, Plaintiff requests this Honorable Court to pass an Order requiring Defendant Candy to render an accounting to him of all of the medical operations, real estate operations, business transactions, financial results and all other related matters, and requiring them to immediately distribute to him that which is due to him, and award him such punitive damages as the court may determine to be appropriate, and to award the Plaintiff his attorneys' fees, costs, prejudgment and post judgment interest.

<u>**COUNT EIGHT - FRAUD - MISREPRESENTATION**</u>
<u>**CONCERNING SEXUAL CONDUCT**</u>

80.  Plaintiff incorporates all matters set forth above as if fully set forth.

81.  Defendant Candy procured four patients of the Plaintiff to testify falsely about sexual contact during medical examinations.

82.  As a direct and proximate result of these complaints, the Plaintiff was wrongfully denied his medical license.

83.  The Plaintiff was capable of earning in excess of Ten Million Dollars over his remaining working life as a physician.  Without his license, the Plaintiff is capable of earning a small fraction of this amount.

84.  In perpetrating this fraud, Defendant Candy was motivated by actual and implied in law malice.

85.  Plaintiff was damaged by this fraud in the actual amount of Ten Million Dollars.

86.  Plaintiff is entitled to Fifty Million Dollars in punitive damages.

**WHEREFORE**, Plaintiff requests judgment against Defendant Defendant Candy in the amount of Ten Million Dollars in actual damages plus Fifty Million Dollars in punitive damages, and to award the Plaintiff his attorneys' fees, costs, prejudgment and post judgment interest and costs.

## COUNT NINE - MALICIOUS USE OF PROCESS

87.  Plaintiff incorporates all matters set forth above as if fully set forth.

88.  Defendant Candy undertook the intentional, willful, and unlawful actions as alleged herein and procured four patients of the Plaintiff to testify falsely about sexual contact during medical examinations, which resulted in a civil action against the Plaintiff by the medical board regarding the revocation of his medical license.  Defendant caused the initiating of said proceeding without probable cause, as Defendant knew the allegations to be false.

89. In perpetrating this malicious use of process, Defendant Candy was motivated by actual and implied in law malice

90.  As a direct and proximate result of these complaints, the Plaintiff was wrongfully denied his medical license.

91.  The Plaintiff was capable of earning in excess of Ten Million Dollars over his remaining working life as a physician.  Without his license, the Plaintiff is capable of earning a small fraction of this amount.

92. Plaintiff was damaged by this malicious use of process in the actual amount of Ten Million Dollars.

**WHEREFORE**, Plaintiff requests judgment against Defendant Defendant Candy in the

amount of Ten Million Dollars  to award the Plaintiff his attorneys' fees, costs, prejudgment and post judgment interest and costs.


## **COUNT TEN - TORTIOUS INTERFERENCE WITH BUSINESS**

93.  Plaintiff incorporates all matters set forth above as if fully set forth.

94.  Defendant Candy undertook the intentional, willful, and unlawful actions as alleged herein with the additional motive to deprive the  Plaintiff of the lucrative and successful medical practice which he had built over a period in excess of three years.

95.  The value of this medical practice is approximately Three Million Dollars.

96.  In perpetrating this tortious interference, Defendant Candy was motivated by actual and implied in law malice

97.  By the intentional wrongful actions as alleged, Defendant Candy interfered tortiously with the business relationships among the Plaintiff and his patients and others,  calculated to cause damage to Plaintiff and committed with the unlawful purpose and improper purpose of causing such damage without justification. Plaintiff suffered economic damage as a direct and proximate result.

**WHEREFORE**, Plaintiff requests judgment against Defendant Defendant Candy in the amount of Three Million Dollars in actual damages plus Fifteen Million Dollars in punitive damages, and to award the Plaintiff his attorneys' fees, costs, prejudgment and post judgment interest and costs.


## **COUNT 11 - FINANCIAL FRAUD**

98.  Plaintiff incorporates all matters set forth above as if fully set forth.

99.   The actions and deliberate omissions perpetrated by Defendant Candy as alleged herein, including failure to render an accounting, withdrawal of unauthorized funds and property from Peninsula and Winterplace, battering and falsely imprisoning the Plaintiff in sight of medical patients and staff, stealing and converting funds and property as alleged, engaging in constructive fraud as alleged and procuring false testimony and false complaints causing proceedings to terminate the Plaintiff's medical license, were all perpetrated with the intent to defraud the Plaintiff of his rightful interest in Peninsula and Winterplace, to prevent the Plaintiff from competing with the Peninsula medical practice, to impoverish the Plaintiff so that he would not be in a position to pursue his rights and remedies and for other similar fraudulent purposes.

100.   The fraud as alleged was perpetrated by Defendant Candy motived by actual and implied in law malice.

101.   As a direct and proximate result of the fraud perpetrated by Defendant Candy as alleged, the Plaintiff is entitled to the actual damages as alleged above, and to punitive damages in the amount of Fifteen Million Dollars and he is also entitled to recover his costs and attorneys' fees.

**WHEREFORE**, Plaintiff requests judgment against Defendant Defendant Candy as alleged in Counts One through Ten, inclusive, in the amounts set forth in the demands related to these counts, plus Fifteen Million Dollars in punitive damages, and an award to the Plaintiff of his attorneys' fees, costs, prejudgment and post judgment interest and costs.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues triable to a jury.

Respectfully submitted,
DeCaro & Howell, P.C.


*/s/ Thomas F. DeCaro, Jr.*
Thomas F. DeCaro, Jr.


*/s/ Marla L. Howell*
Marla L. Howell
Attorneys for Defendants
14406 Old Mill Road, Suite 201
Upper Marlboro, MD 20772
301-464-1400/4776 phone/fax

tfd@erols.com