IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
[at Baltimore]


| | | |
|---|---|---|
| MAHMAUD SHIRAZI, M.D., | : | CASE NO. 10 CV 656  RDB |
| Plaintiff | : | |
| v. | : | |
| PENINSULA INTERNAL MEDICINE, LLC, et al, | : | |
| Defendants | : | |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION

Peninsula Internal Medicine, LLC, 31575 Winterplace Parkway, LLC, Candy Burns, and Edmond H. Burns, IV, Defendants, by their attorneys, John B. Robins, IV, and John B. Robins, IV, P.A., pursuant to Rule 12(b) of the Maryland Rules, respectfully submit the following Memorandum in Support of their Motion to Dismiss the Amended Complaint filed against them by Mahmaud Shirazi, Plaintiff, for lack of subject matter jurisdiction.


### BACKGROUND


Plaintiff seeks to invoke the jurisdiction of this Court on the basis of an asserted diversity of citizenship pursuant to 28 U.S.C.A. §1332.  Prior to filing this Complaint, however, Plaintiff (hereinafter "Shirazi") filed an identical Complaint in the Circuit Court for Wicomico County, Maryland.[1]   The state court action involves the identical parties as in this case; and Shirazi asserts in the state court the identical facts and causes of action as in this case.   A copy of the docket entries and time stamped state court Complaint is annexed hereto as EXHIBIT A.

---

[1] The state court Complaint was filed on March 17, 2010, at 2:32 p.m.   Upon inquiry with the Clerk's office, based upon the time stamp on the Civil Cover Sheet, Shirazi filed the Complaint in this Court at 2.39 p.m.

Defendants have filed responsive pleadings in the state court and have initiated discovery in that proceeding.

This case is actually the third civil action initiated by Shirazi based on the conduct complained of in these proceedings.    He filed his first case on July 23, 2008, in the Circuit Court for Wicomico County (Case No. 22-C-08-997).    The Defendants named in that action were Candy L. Burns and Edmond H. Burns, IV.    Although Peninsula Internal Medicine, LLC, and 31575 Winterplace Parkway, LLC, were not named Defendants, Shirazi asserted that he and Candy Burns were equal co-members of both companies and sought a declaratory judgment to that effect.[2]

On July 25, 2008, Shirazi filed a voluntary petition under Chapter 7 in the United States Bankruptcy Court for the District of Maryland (Case No. 08-19571), and Lori S. Simpson was appointed the trustee.    A copy of the Notice of Commencement of Case under Chapter 7 is annexed hereto as EXHIBIT B.    By Order of the U.S. Bankruptcy Court entered on December 30, 2008, Damani K. Ingram of Ingram & Associates was appointed special counsel to represent the Chapter 7 Trustee in the state court proceedings.    Mr. Ingram, who was also representing Shirazi in the action, entered his appearance on behalf of Trustee Lori S. Simpson.

The state court proceedings were concluded in favor of Defendants Candy and Edmund Burns on April 3, 2009, when the Court (1) declared that Shirazi, individually, was not a member of and held no ownership interest in the two limited liability companies, but without prejudice to any claim which the Trustee may assert with respect to the LLCs; and (2) dismissed all remaining counts with leave to amend within 15 days from the date of the Order to add the Trustee as a necessary party to the Complaint.    An Amended Complaint was filed by the Trustee and Shirazi, however it was stricken by the Court as untimely.    No appeal was taken from that judgment and

---

[2] The other causes of action set forth in this Complaint were (1) breach of fiduciary duty on the part of Candy Burns, (2) Conversion by Candy Burns of money of the limited liability companies, (3) constructive fraud on the part of Candy Burns be diversion of company assets to herself, (4) assault by Edmund H. Burns, IV, (5) battery by Edmund F. Buns, IV, (6) accounting by Candy Burns re transactions with the companies, (7) false imprisonment, and (8) negligence.

it is final.   A copy of the docket entries and judgment entered in those proceedings are annexed hereto as EXHIBIT C.

On March 17, 2010, at 2:32 p.m., Shirazi filed a similar Complaint against Peninsula Internal Medicine, LLC, 31575 Winterplace Parkway, LLC, Candy Burns, and Edmond H. Burns, IV, in the Circuit Court for Wicomico County, Maryland (Case No. 22-C-10-474).   Later that day, he filed an identical Complaint in this Court, which is the subject of this Motion.

I.      SHIRAZI IS NOT A BONA FIDE RESIDENT OF THE STATE OF NEW YORK.

If Shirazi is living in New York for the moment, his change of residence is temporary only, and by design is illusory for the purpose of gaining access to the federal court on the basis of asserted diversity of citizenship.

Until his residence was sold incident to foreclosure proceedings, which sale was ratified on September 17, 2009, Shirazi resided in Wicomico County, Maryland, at 5671 Royal Mile Boulevard, Salisbury, Maryland.     He was licensed by the Maryland Board of Physicians to practice medicine until his licensure was revoked on March 17, 2009, after a finding that Shirazi used his position as a physician to take advantage of four women by unwanted and demeaning sexual touching during medical examinations.     Pertinent pages of the Opinion and Order of the Maryland Board of Physicians are annexed hereto as EXHIBIT D.    On March 24, 2009, he appealed the decision of the administrative agency to the Circuit Court for Wicomico County (Case No. 22-C-09-496), which affirmed the Final Decision and Order of the Maryland State Board of Physicians.    Shirazi has appealed that decision to the Court of Appeals of Maryland where the case is pending.     A copy of the docket entries re the Administrative Appeal are annexed hereto as EXHIBIT E.

On information and belief, Shirazi is living temporarily with relatives in New York pending his efforts to restore his licensure to practice medicine in the State of Maryland; and any

colorable indicia of an intent to establish himself as a citizen of the State of New York is solely for the purpose of gaining access to this court on the basis of diversity jurisdiction.

II.     STATE COURT HAS ALREADY ASSUMED JURISDICTION OVER THE SUBJECT
        MATTER OF THE CONTROVERSY.

Among the relief sought by Shirazi in this case and in the case pending in the state court is a decree for the dissolution of Peninsula Internal Medicine, LLC, and 31575 Winterplace Parkway, LLC, the two Maryland limited liability companies which are defendants in both cases. At the initiation of Shirazi, the state court has already assumed jurisdiction over the subject matter of the litigation.

Since the state court has already assumed jurisdiction over property, it has the right to exercise that jurisdiction to the exclusion of all other courts.     *Colorado River Water Conservation Dist. v. U.S.,* 424 U.S. 800, 818, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976); *Donovan v. City of Dallas,* 377 U.S. 408, 412, 84 S.Ct. 1579, 12 L.Ed.2d 409 (1964).  This principle applies "not only to cases where property has been actually seized under judicial process ... [but also to suits] brought to marshall assets, administer trusts, or liquidate estates, and in suits of a similar nature, where, to give effect to its jurisdiction, the court must control the property." *United States v. Bank of New York & Trust Co.,* 296 U.S. 463, 477, 56 S.Ct. 343, 80 L.Ed. 331 (1936).

This action is indeed a case brought by Shirazi to liquidate two limited liability companies organized and existing under the laws of the State of Maryland, and to marshall their assets to satisfy their respective creditors and to distribute the balance to Shirazi and Candy Burns as the Court orders.    Shirazi elected to proceed in the state court prior to attempting to invoke the jurisdiction of this Court on the assertion of diversity of citizenship.    In such cases, the Supreme Court has held that the state or federal court first having custody of such property has exclusive jurisdiction to proceed. *Princess Lida v. Thompson,* 305 U.S. 456, 466, 59 S.Ct. 275, 83 L.Ed. 285 (1939); *Donovan v. City of Dallas*, 377 U.S. 408, 412-413, 84 S.Ct. 1579, 1582 (1964).

III.     JURISDICTION DOES NOT LIE BECAUSE DIVERSITY IS NOT COMPLETE.

For the federal court to assume jurisdiction over a controversy pursuant to 28 U.S.C. §1332(a), there must be complete diversity.  Assuming *arguendo* that Shirazi is a bona fide resident of the State of New York, diversity jurisdiction nevertheless fails because the diversity is incomplete.  *Exxon Mobil Corp. v. Allapattah Servs.,* 545 U.S. 546, 553-54, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005) ("In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action.").  And, as the Supreme Court noted, "[i]ncomplete diversity destroys original jurisdiction with respect to all claims." *Id.,* at 554.

Although Defendants Peninsula Internal Medicine, LLC, and 31575 Winterplace Parkway, LLC, are Maryland limited liability companies, for purposes of diversity analysis they are assigned the citizenship of their members.     *See Carden v. Arkoma Assoc.,* 494 U.S. 185, 195-96, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990); *Gen. Tech. Applications, Inc. v. Exro Ltda.,* 388 F.3d 114, 120 (4th Cir.2004); *JBG/JER Shady Grove, LLC v. Eastman Kodak Co.,* 127 F.Supp.2d 700, 701 (D.Md.2001).  Shirazi avers that he is a member of both companies and that he is a citizen of the State of New York.   He further avers that Defendant Candy Burns is a member of both companies and that she is a citizen of the State of Maryland.   Accordingly, Defendants Peninsula Internal Medicine, LLC, and 31575 Winterplace Parkway, LLC, are deemed to be citizens of both New York and Maryland.

As Judge Bennett writing for this Court recently noted in *Dean v. Navy Federal Credit Union*, 2009 WL 3817587 (D.Md., 2009), "[w]ithout a federal question or complete diversity of citizenship, federal courts have no original jurisdiction over the matter."   Shirazi's Complaint presents no federal question and, therefore, this court lacks jurisdiction to hear the case.

IV.    SHIRAZI VOLUNTARILY SUBMITTED HIMSELF TO THE JURISDICTION OF THE STATE COURT AND THEREBY WAIVED FEDERAL DIVERSITY JURISDICTION.

If Shirazi was a bona fide citizen of the State of New York and if complete diversity of citizenship was present, he could have elected to file his Complaint in state court or in federal court.   Principles of judicial economy and comity do not permit both cases to proceed. The pendency of the two proceedings presents more than mere "parallel" actions---they are identical actions.

Shirazi's election to submit to the jurisdiction of the Circuit Court for the State of Maryland should preclude federal jurisdiction over the proceedings.   See e.g., *Vulcan Chemical Technologies, Inc. v. Barker*, 297 F.3d. 332 (4th Cir., 2002).   The initiation of proceedings *as a Plaintiff* should not be analyzed in the same manner as the right of a *defendant* to remove an action to federal court on the basis of diversity provided no substantial defensive action has been maintained in the state court prior to seeking removal.   Shirizi initiated the "offense" and he should be bound by the selection of the arena in which he initially chose to do battle.

V.    EVEN IF FEDERAL DIVERSITY JURISDICTION WAS PRESENT, APPLICATION OF THE COLORADO RIVER DOCTRINE BEGS ABSTENTION.

As noted by this Court in *Haak Motors LLC v. Arangio*, 670 F.Supp.2d 430 (D.Md.2009), citing *Vulcan Chemical Technologies, supra*, under the *Colorado River* doctrine, "federal courts may abstain from exercising their jurisdiction in the exceptional circumstances when a federal case duplicates contemporaneous state proceedings and wise judicial administration ... clearly favors abstention." The threshold question in deciding whether *Colorado River* abstention is appropriate is whether parallel federal and state suits are present; and suits are parallel if substantially the same parties litigate substantially the same issues in different forums.   *Great American Ins. Co. v. Gross*, 468 F.3d 199, 207 (4th Cir.2006).   As aforesaid, the two suits initiated by Shirazi are not merely "parallel," but identical.

Applying the factors used to guide the Court in the analysis for *Colorado River* abstention, this Court should abstain even if diversity jurisdiction was otherwise present.   Those factors, as observed by this Court in *Vulcan Chemical Technologies, supra*, at page 341, are as follows:

> (1) whether the subject matter of the litigation involves property where the first court may assume jurisdiction to the exclusion of others; (2) whether the federal forum is an inconvenient one; (3) the desirability of avoiding piecemeal litigation; (4) the relevant order in which the courts obtained jurisdiction and the progress achieved in each action; (5) whether state law or federal law provides the rule of decision on the merits; and (6) the adequacy of the state proceeding to protect the parties' rights.

Considering each of these factors separately:

The subject matter of the litigation involves property where
the first court may assume jurisdiction to the exclusion of others

As discussed supra, the subject matter of the litigation includes property, i.e., the dissolution of Maryland limited liability companies and the distribution of their assets, over which, at the instance of Shirazi, the state court first assumed jurisdiction.   Accordingly, the state court has exclusive jurisdiction to proceed.  *Princess Lida v. Thompson, supra*; *Donovan v. City of Dallas*, *supra*.

The federal forum is an inconvenient one

Any and all witnesses who would be called to testify in this case would be from Wicomico County, Maryland.   The Circuit Court for Wicomico County is substantially more convenient for the Defendants, all of whom live and/or are engaged in business in Wicomico County.   Since Shirazi himself initiated litigation in Wicomico County as a Plaintiff in this action, he can hardly argue that maintenance of the proceedings in the state forum is inconvenient.

The desirability of avoiding piecemeal litigation

There is nothing piecemeal about the pending litigation.   Each pending action contains the entire case and every cause of action.   The problem lies in the fact that the cases are duplicitous.   Principles of federalism, efficiency and comity bear on the federal court's discretionary decision whether to abstain from exercising jurisdiction over state-law claims in the face of identical litigation pending in the state court.   See *e.g., Nautilis Ins. Co. v. Winchester Homes, Inc.,* 15 F.3d 371, 376 (4th Cir.1994).   The federal courts have recognized the policy against "dual litigation" and the undesirability of imposing on the litigants and the witnesses the double burden of two trials. *Aetna State Bank v. Altheimer*, 430 F.2d 750, 758 (7th Cir. 1970).

The relevant order in which the courts obtained
jurisdiction and the progress achieved in each action

Jurisdiction was first obtained in the state court.   Defendants have filed answers to several of the divers counts and have filed a Motion to Dismiss the remaining counts for failure to state a claim upon which relief can be granted.   Two Defendants have initiated discovery in the form of Interrogatories propounded to Shirazi.

Whether state law or federal law provides the rule of decision on the merits

All causes of action asserted by Shirazi are governed by state law.   No federal question is presented.   Both forums would apply the substantive law of the State of Maryland.

The adequacy of the state proceeding to protect the parties' rights

Having submitted to the jurisdiction of the state court, Shirazi can hardly argue that the Maryland State courts are inadequate to protect his rights.   Indeed, he has filed a nearly identical state court action against Defendants Candy Burns and Edmund Burns which was dismissed.

CONCLUSION

On the basis of the foregoing authorities, Defendants pray that the Amended Complaint filed against them be dismissed for want of jurisdiction; and for such other and further relief as is just and proper.

JOHN B. ROBINS, IV, P. A.

By: /s/ John B. Robins, IV
    John B. Robins, IV
    Trial Bar No. 01900
    Attorneys for Defendants
    128 East Main Street
    Salisbury, Maryland 21801
    410-749-3791
    chaptr11@verizon.net

CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 27th day of April, 2010, I served a copy of the foregoing upon Thomas F. DeCaro, Jr., Esquire, and Marla L. Howell, Esquire, DeCaro & Howell, P.A., attorneys for Plaintiff, 14406 Old Mill Road, Suite 201, Upper Marlboro, MD 20772, by first-class mail, postage prepaid.

/s/ John B. Robins, IV
John B. Robins, IV