IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MAHMAUD SHIRAZI, M.D.,

 Plaintiff,

v.

PENNINSULA INTERNAL MEDICINE,
LLC, et al.,

 Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \*

Civil Action No. RDB 10-656

## MEMORANDUM OPINION

Plaintiff Mahmaud Shirazi ("Shirazi") brings this action against Defendants Peninsula Internal Medicine, LLC ("Peninsula"), 31575 Winterplace Parkway, LLC ("Winterplace"), Candy Burns and Edmond H. Burns, IV ("Defendants") seeking, among other things, dissolution of Peninsula and Winterplace. Defendants assert that these claims are barred by *res judicata*, and that this Court does not have jurisdiction over this matter because diversity is not complete. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2010). For the reasons that follow, Defendants' Motion to Dismiss (ECF No. 6) is GRANTED.

### BACKGROUND

In ruling on a motion to dismiss, "[t]he factual allegations in the plaintiff's complaint must be accepted as true and those facts must be construed in the light most favorable to the plaintiff." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

Plaintiff Mahmaud Shirazi, a doctor who currently resides in New York, asserts that he and Defendant Candy Burns ("Mrs. Burns"), a nurse practitioner and Maryland resident, decided in 2003 to establish a jointly-owned and operated medical facility. Am. Compl. ¶¶ 12-14.

1

Shirazi contends that in 2004 he and Mrs. Burns formed Defendant Peninsula, a Maryland limited liability company, "for the purpose of conducting the medical business." *Id.* ¶¶ 15, 20. Shirazi states that they also "caused Defendant Winterplace to be formed" in Salisbury, Maryland, "for the purpose of holding the office building where the medical services would be performed." *Id.* ¶ 16. Shirazi claims that by 2007 he realized that Mrs. Burns had been withholding certain financial information and misappropriating hundreds of thousands of dollars in Peninsula's funds. *Id.* ¶¶ 23-24.

Shirazi filed the pending eleven-count Complaint with this Court on March 17, 2010 at 2:39 p.m. against Peninsula, Winterplace, Mrs. Burns and her husband Edmond H. Burns IV ("Mr. Burns") seeking, among other things, an accounting of the allegedly misappropriated funds and the dissolution of Peninsula and Winterplace. Compl. ¶¶ 2-5. Just seven minutes earlier on the same day, Shirazi filed a virtually identical complaint in the Circuit Court for Wicomico County, Maryland.[1] Mot. to Dismiss Memo. Ex. 1. In the state case, Shirazi cites the same facts and asserts the same causes of action against the same parties as he does in this case. *Id.* On March 25, 2010, Shirazi amended the original Complaint, changing only the amount of damages he seeks. Am. Compl. ¶ 85.

On April 27, 2010, Defendants moved to dismiss the pending Complaint for lack of subject matter jurisdiction, arguing that Shirazi is a Maryland resident and therefore the parties are not diverse. ECF No. 6. Defendants also contended that even if diversity jurisdiction as present, this Court should abstain from ruling because the Circuit Court of Wicomico County has assumed jurisdiction over the state case. *Id.* On August 20, 2010, the Circuit Court found in

---

[1] Notably, on July 23, 2008, Shirazi filed a civil action in the Circuit Court for Wicomico County based upon the same facts at issue here and bringing many of the same causes of action. *See Shirazi v. Burns, et al.*, Case No. 22-C-08-997. In that case, Shirazi named Mr. and Mrs. Burns as defendants, but not Peninsula or Winterplace. On April 3, 2009, the Circuit Court declared that Shirazi was not a member of and held no ownership interest in Peninsula and Winterplace, and dismissed all counts. Shirazi did not appeal that judgment.

2

favor of Defendants on all counts. *See Shirazi v. Peninsula Internal Medicine, LLC, et al.*, Case No. 22-C-10-000474. The time for appeal of that judgment has since expired, thus the Wicomico County action has concluded. Accordingly, on September 13, 2010, Defendants submitted a status report indicating that they now move to dismiss this case because Shirazi's claims are barred by *res judicata*. ECF Nos. 10 & 11.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted; therefore, a Rule 12(b)(6) motion tests the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).

## ANALYSIS

Defendants contend that *res judicata* bars Shirazi from bringing this cause of action because he brought a virtually identical action against the same parties in the Circuit Court for Wicomico County that resulted in a final judgment in favor of Defendants. The doctrine of *res judicata* or claim preclusion provides that a final judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based upon the same cause of action. *See Jones v. SEC*, 115 F.3d 1173, 1178 (4th Cir. 1997); *Keith v. Aldridge*, 900 F.2d 736, 739 (4th Cir. 1990). When, as here, the former adjudication is a state court judgment, a federal court applies the *res judicata* rules of the state that rendered the underlying judgment. *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1985); *see also Meindl v. Genesys Pac. Techs, Inc.*, 204 F.3d 124, 127 (4th Cir. 2000). Under Maryland law, a subsequent claim is barred by the doctrine of res judicata when (1) the parties in the present litigation are the same or in privity with the parties to the earlier suit; (2) the second suit presents the same cause of action

or claim as the first or the claim could have been raised in the prior suit but was not; and (3) the prior adjudication was a final judgment on the merits by a court of competent jurisdiction. *Colandrea v. Wilde Lake Cmty. Ass'n*, 761 A.2d 899, 908 (Md. 2000) (quoting *DeLeon v. Slear*, 616 A.2d 380, 385 (Md. 1992)).

In this case, Shirazi has brought identical causes of action against the same parties as he did in the lawsuit he filed in the Circuit Court for Wicomico County, Maryland. Thus, the parties in this federal matter were the parties in the state court case, and the issues are the same in both the state and federal cases. On June 23, 2010, Circuit Court Judge Donald C. Davis held a motions hearing to address Defendants' motion to dismiss counts two and six through eleven for failure to state a claim. *See Shirazi v. Peninsula Internal Medicine, LLC, et al.*, Case No. 22-C-10-000474. On August 10, 2010, after requesting supplemental briefing, Judge Davis entered summary judgment for Defendants on all counts. *Id.* The time to appeal that judgment has entered, and Shirazi did not appeal. *Id.* Thus, the Circuit Court entered final judgment against Shirazi in the state court case, and he was provided a fair opportunity to litigate and appeal his case. Accordingly, the state court decision is entitled to claim preclusive effect. *See* 28 U.S.C. § 1738, *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 84-86 (1984).[2]

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss (ECF No. 6) is GRANTED. A separate Order follows.

Dated: December 14, 2010

/s/ *Richard D. Bennett*

Richard D. Bennett
United States District Judge

---

[2] Since Shirazi is barred from bringing this action, there is no need to reach the issue of whether the parties are diverse.

4